Case No. 25-2348

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

WILLIE L. JONES, JR.,

*Plaintiff-Appellant,*

v.

MILWAUKEE COUNTY and
NOEL YBARRA, JR.,

*Defendants-Appellees.*

ON APPEAL FROM A FINAL ORDER ENTERED IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF WISCONSIN,
CASE NO. 2:23-cv-00285-LA
THE HONORABLE LYNN ADELMAN, PRESIDING

**BRIEF OF DEFENDANTS-APPELLEES**

SCOTT F. BROWN
Milwaukee County Corporation Counsel
State Bar No. 1089753

BY: ABIGAIL G. BLUETT
State Bar No. 1124202
DALE NIKOLAY
State Bar No. 1002447
Attorneys for Defendants-Appellees

Office of Milwaukee County Corporation Counsel
901 N. 9th Street, Room 303
Milwaukee, WI 53233
Phone: (414) 278-4300

TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii-iv

JURISDICTIONAL STATEMENT ...........................................................................................1

STATEMENT REGARDING ORAL ARGUMENT .................................................................2

STATEMENT OF THE ISSUE ..................................................................................................2

STATEMENT OF THE CASE................................................................................................. 3-9

    A.  The district court's February 1, 2024 screening order of Jones's
        amended complaint ................................................................................................ 3-5

    B.  Then-defendant Bryant's motion to dismiss for failure to state
        a claim.......................................................................................................................5

    C.  Defendants' motion for judgment on the pleadings;
        Jones's motion for relief and motion to amend his complaint ............................. 5-9

SUMMARY OF ARGUMENT .................................................................................................9

STANDARD OF REVIEW .................................................................................................. 9-10

ARGUMENT....................................................................................................................... 10-22

    I.      THE DISTRICT COURT PROPERLY GRANTED THEN-DEFENDANT
             BRYANT'S MOTION TO DISMISS FOR FAILURE
             TO STATE A CLAIM....................................................................................... 10-12

    II.     THE DISTRICT COURT PROPERLY GRANTED DEFENDANTS' MO-
             TION FOR JUDGMENT ON THE PLEADINGS........................................... 12-18

    III.    THE DISTRICT COURT PROPERLY DENIED JONES'S MOTION FOR
             RELIEF AND MOTION TO AMEND HIS COMPLAINT ............................ 18-22

CONCLUSION........................................................................................................................22

CERTIFICATE OF COMPLIANCE .................................................................................. 24-25

CERTIFICATE OF SERVICE .................................................................................................26

**Cases**      Page

*Abbott v. Sangamon County, Ill.*, 705 F.3d 706 (7th Cir. 2013) ..................................................15

*Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014)....................................................10

*Alexander v. City of South Bend*, 433 F.3d 550 (7th Cir. 2006)..................................................16

*Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818 (7th Cir. 2011) ........................20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .........................................................................10, 16, 17, 21

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990) ....................19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................10

*Berube v. Conley*, 506 F.3d 79 (1st Cir. 2007) ..........................................................................15

*Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388 (7th Cir. 2018)...........................................12

*Bogie v. Rosenberg*, 705 F.3d 603 (7th Cir. 2013) .....................................................................13

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824 (7th Cir. 2009) .................................12

*Calusinski v. Kruger*, 24 F.3d 931 (7th Cir. 1994) ....................................................................17

*Cash v. Illinois Div. of Mental Health*, 209 F.3d 695 (7th Cir. 2000) ........................................18

*Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*,
   131 F.3d 625 (7th Cir. 1997) ................................................................................................18

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) ................................................................16

*Cullen v. Olin Corp.*, 195 F.3d 317 (7th Cir. 1999) .....................................................................3

*Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016)................................................................18

*Denan v. Trans Union LLC*, 959 F.3d 290 (7th Cir. 2020) .......................................................12

*Esco v. City of Chicago*, 107 F. 4th 673 (7th Cir. 2024) ....................................................6, 10, 13

*Ferguson v. McDonough*, 13 F.4th 574 (7th Cir. 2021) ...................................................14, 15

*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................................8, 21, 22

*George v. Smith*, 507 F.3d 605 (7th Cir. 2007) ...............................................................21

*Hathaway v. Bazany*, 507 F.3d 312 (5th Cir. 2007) ........................................................15

*Kapco Mfg. Co. v. C & O Enters., Inc.*, 773 F.2d 151 (7th Cir. 1985) ..................................18, 19

*Katz-Crank v. Haskett*, 843 F.3d 641 (7th Cir. 2016)........................................................12

*Kingsley v. Hendrickson*, 576 U.S. 389 (2015) ..................................................................6

*Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635 (7th Cir. 2015)..........................................10

*Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978) ..............................4, 16, 17, 18

*N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*,
      163 F.3d 449 (7th Cir. 1998) ...........................................................................4

*Powe v. City of Chicago*, 664 F.2d 639 (7th Cir. 1981) ......................................................17

*Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246 (7th Cir. 1987) ...................................19

*Scott v. Harris*, 550 U.S. 372 (2007).........................................................................14

*Soltys v. Costello*, 520 F.3d 737 (7th Cir. 2008) ............................................................21

*Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985)....................................................17

*Vance v. Peters*, 97 F.3d 987 (7th Cir. 1996) ................................................................11

*Warzon v. Drew*, 60 F.3d 1234 (7th Cir. 1995). ..............................................................9, 10

*Wheeler v. Hronopoulos*, 891 F.3d 1072 (7th Cir. 2018) .....................................................16

*Williams v. Heavener*, 217 F.3d 529 (7th Cir. 2000) ........................................................17

**Statutes**                                                                                     Page

28 U.S.C. § 1291 ..............................................................................................1

28 U.S.C. § 1331 ...............................................................................................1

28 U.S.C. § 1343 ...............................................................................................1

42 U.S.C. § 1983 ...........................................................................................1, 2

**Seventh Circuit Rules**                                                    Page

Cir. R. 30 .........................................................................................................3

**Federal Rules**                                                            Page

Fed. R. Civ. P. 8(a) .......................................................................................16

Fed. R. Civ. P. 12(b).................................................................1, 5, 10, 12, 18

Fed. R. Civ. P. 12(c) ............................................................ 1, 3-4, 9, 10, 12, 22

Fed. R. Civ. P. 54...........................................................................................19

Fed. R. Civ. P. 59......................................................................................18, 19

Fed. R. Civ. P. 60...........................................................................................18

**United States Constitution**                                              Page

Fourteenth Amendment.............................................................................1, 4, 6

**Legal Treatises**                                                          Page

7 J. Moore & J. Lucas, Moore's Federal Practice (1983).................................18, 19

JURISDICTIONAL STATEMENT

Plaintiff-Appellant Willie Lee Jones, Jr.'s ("Jones's") jurisdictional statement is not complete and correct. Defendants-Appellees Milwaukee County and Noel Ybarra, Jr., therefore, provide the following jurisdictional summary.

Jones invoked the district court's federal-question jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343 because he asserted claims under 42 U.S.C. § 1983 alleging violations of his rights secured under the United States Constitution, specifically the Fourteenth Amendment. (R. 18).

On April 3, 2024, then-defendant Nicholas Bryant moved to dismiss Jones' claims against him. (R. 33). The district court granted Bryant's motion on July 19, 2024, leaving both Milwaukee County and John Doe as defendants. (R. 40; Supp. App. 20-23). On October 14, 2024, Milwaukee County filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (R. 46, 47). After Noel Ybarra, Jr. was substituted as a defendant in place of the Doe placeholder, he moved to join Milwaukee County's pending motion for judgment on the pleadings. (R. 50, 52, 64). The district court granted the Defendants' motion for judgment on the pleadings on July 28, 2025 and entered a final judgment accordingly. (R. 86, 87; Supp. App. 31-44). Jones filed a timely notice of appeal on August 4, 2025. (R. 92; Supp. App. 45). This Court has jurisdiction over the appeal under 28 U.S.C. § 1291 because this is the appeal of a final judgment.

STATEMENT REGARDING ORAL ARGUMENT

Because the issues before the Court involve a straightforward application of the underlying facts to well-settled doctrines and standards applicable to the issues Jones raises on appeal, and because those issues may be adequately presented through the briefs and record, oral argument is unnecessary.

STATEMENT OF THE ISSUES

1) Whether the district court correctly granted then-defendant Nicholas Bryant's motion to dismiss for failure to state a claim?

2) Whether the district court correctly granted judgment on the pleadings for Noel Ybarra, Jr. and Milwaukee County on the respective excessive force and *Monell* claims brought by Jones under 42 U.S.C. § 1983 where Jones 1) engaged in a physical altercation with another inmate; 2) failed to comply with Bryant and Ybarra's orders to cease fighting; 3) created an ongoing safety threat within the Milwaukee County Jail which necessitated intervention; and 4) Ybarra's use of a taser on Jones to stop the threat was objectively reasonable given the uncontroverted video evidence?

3) Whether the district court correctly denied Jones's motion for relief and motion to amend his complaint filed over two years after his original complaint?

## STATEMENT OF THE CASE

A. The district court's February 1, 2024 screening order of Jones's amended complaint.

Plaintiff-Appellant Willie L. Jones Jr. appeals following a district court's order to grant then-defendant Nicholas Bryant's motion to dismiss for failure to state a claim and its separate order and entry of judgement granting Defendants, Noel Ybarra, Jr. and Milwaukee County's, motion for judgment on the pleadings and denying Jones's motions for relief and request to amend his amended complaint. (R. 40; R. 86, 87; Supp. App. 20-23, 31-44). On appeal, Jones complains of several issues relating to the district court's decision and order issued on July 28, 2025, and requests this Court reverse the district court's well-reasoned decisions. (Appellant's Br. at 6-7). A significant portion of Jones's appellate brief is dedicated to arguments regarding the training of officers, which is not relevant to the issues at hand. (Appellant's Br. at 10-12). Jones now submits for the first time on appeal over a hundred pages of exhibits[1], all of which were not submitted to the district court and are outside of what can be considered by this Court on a *de novo* review of an order granting a motion for judgment on the pleadings. In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of "the complaint, the answer, and any written instruments attached as exhibits." Fed. R. Civ. P.

---

[1] Insofar as Jones's attached exhibits are to be construed as his Appendix, Jones fails to comply with Circuit Rule 30. While it is acknowledged Jones is *pro se* in this matter, this Court still expects the rules to be complied with and it is the Appellant's "unambiguous duty" to include "all opinions, orders, or oral rulings in the case that addresses the issues sought to be raised." Cir. R. 30(b)(1); *see also Cullen v. Olin Corp.*, 195 F.3d 317, 322 (7th Cir. 1999).

12(c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (citations omitted).

Jones, while incarcerated at Wisconsin Secure Program Facility, commenced this action on March 1, 2023, and subsequently, filed an amended complaint on December 27, 2023, alleging that his constitutional rights were violated while he was confined at the Milwaukee County Jail. (R. 1, 18). The district court screened the amended complaint and allowed Jones to proceed on two claims: 1) his Fourteenth Amendment excessive force claim against Defendants Bryant and John Doe officer as it related to the alleged use of the taser; and 2) his claim against Milwaukee County under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978), based on Jones's allegations that there was a custom of officers unnecessarily using tasers on individuals confined at the Milwaukee County Jail. (R. 22 at 3; Supp. App. 11).

In its analysis, the district court disregarded any other allegations in the amended complaint as deficient. It explained that Jones failed to state a claim for relief based on his allegations that Bryant falsified an incident report and noted the lack of detail included in the amended complaint regarding how or why Jones believed Bryant falsified the report. (R. 22 at 4; Supp. App. 12). The court further explained Jones put forth no allegations regarding the fairness of the disciplinary hearing and so it determined there were no claims that could be ascertained against Bryant regarding anything but the possibility of Bryant being the John Doe officer who allegedly tased Jones. *Id.* Lastly, the district court properly concluded Jones's allegations against "Lieutenant Unknown" were insufficient because he failed to state sufficient facts to show "Lieutenant Unknown" violated Jones's

4

constitutional rights in any way and therefore, failed to state a claim against this individual. *Id*.

B. Then-defendant Bryant's motion to dismiss for failure to state a claim.

On April 3, 2024, then-defendant Nicholas Bryant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (R. 33, 34). Attached to the motion to dismiss was an incident report, which identified the John Doe officer who discharged the taser in the alleged incident as Correctional Officer Noel Ybarra. (R. 34-1 at 2; Supp. App. 15). On July 19, 2024, the district court entered an order granting Bryant's motion to dismiss for failure to state a claim, thus dismissing Bryant from the lawsuit. (R. 40; Supp. App. 20-23). In its decision the district court pointed out that Jones failed to respond to Bryant's assertions that Bryant was not "implicated in the excessive use of force" claim on which the district court allowed Jones to proceed and thus, Jones "forfeited any argument on that issue." (R. 40 at 3; Supp. App. 22). The district court once again reiterated that Jones's allegations in his response regarding Bryant falsifying disciplinary records failed to state a claim. (R. 40 at 2; Supp. App. 21).

C. Defendants' motion for judgment on the pleadings; Jones's motion for relief and motion to amend his complaint.

Defendant Milwaukee County filed a motion for judgment on the pleadings on October 14, 2024 and Defendant Ybarra later joined the motion on November 18, 2024.[2] (R. 46, 64, 69; Supp. App. 26-30). As part of the Defendants' motion, they attached the

---

[2] Jones eventually agreed and identified the Doe defendant as Noel Ybarra, Jr., and the district court subsequently ordered Ybarra be substituted as Defendant for John Doe officer on October 17, 2024. (R. 52; Supp. App. 24-25).

video of the alleged incident as it was referenced in Jones's amended complaint and central to his claim. (R. 47 at 2). While the decision for Defendants' motion for judgment on the pleadings was pending, Jones filed two additional motions –a motion for relief from judgment, order, or proceeding and a motion for leave to file an amended complaint. (R. 79, 82). On July 28, 2025, the district court granted the Defendants' motion for judgement on the pleadings and denied Jones's motion for relief and motion to amend. (R. 86 at 12; Supp. App. 42).

The district court relied on this Court's guidance in *Esco v. City of Chicago*, 107 F. 4th 673, 678 (7th Cir. 2024), in its decision to review the video footage submitted by both Defendants and Jones because Jones referenced the video in his amended complaint and it directly undermined Jones's claims. (R. 86 at 5). The district court analyzed the video under the Fourteenth Amendment excessive force standard which states that, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

In applying the legal standard to the case at hand, the district court explained the "video of the incident clearly shows the altercation between plaintiff and the other prisoner." (R. 86 at 7; Supp. App. 37). In the video, Jones begins the altercation by reaching across the table and striking the other prisoner in the face. (R. 47, Ex. 1 at 15:11:30).[3] After which, the other prisoner comes around the table, and they both start physically fighting

---

[3] References to the video attached as Exhibit 1 to the Defendants' brief in support of their motion for judgment on the pleadings — and conventionally filed with the district court such that it does not appear on PACER — shall be cited as "R. 47, Ex. 1."

with one another in an open area. (*Id*. at 15:11:32). The district court observed that officers are seen running into the day room and when the other prisoner attempted to get off Jones and leave, Jones is seen holding onto the other prisoner obstructing him from leaving. (*Id*. at 15:12:59–15:13:01). Jones is then seen sitting up and pulling the other prisoner back toward him as the first officer reached them. (*Id*. at 15:13:01–15:13:02). The third officer to arrive, Defendant Ybarra, deployed his taser while both the other prisoner and Jones are still seen actively struggling with one another, and only after the taser was deployed is Jones seen not resisting and laying back on the floor. (*Id*. at 15:13:02–15:13:03).

The district court noted in its decision that it is indeed constitutionally reasonable for an officer to deploy a taser against an actively resisting subject. (R. 86 at 9; Supp. App. 39). The district court found "[t]he uncontroverted video evidence contradicts plaintiff's allegations that Ybarra used unreasonable force against him" because the video clearly showed that Jones was actively trying to hold onto the other prisoner when the taser was deployed. (R. 86 at 9; Supp. App. 39; *see also* R. 47, Ex. 1, at 15:13:00–15:13:03). The court found that Ybarra used reasonable force against Jones so that he would release the other prisoner and break up the ongoing fight between the two occupants. (R. 86 at 9; Supp. App. 39). It further concluded the allegations in Jones's amended complaint were "blatantly contradicted by the video record such that no reasonable jury could believe it." (*Id*.).

Next, the district court addressed Jones's claim against Milwaukee County and dismissed it as well. (R. 86 at 10; Supp. App. 40). It agreed with Defendants that because Jones failed to state an excessive force claim against Ybarra, "he cannot maintain his claim

7

against Milwaukee County that it has a custom or practice of officers using excessing force against prisoners." (*Id.*).

Lastly, the district court addressed Jones's two additional motions — his motions for relief and to amend his complaint. Jones's motion for relief argued the district court erred in dismissing Bryant as a defendant and requested an order reversing or vacating the dismissal of Bryant and reversing or vacating the mootness of Lieutenant Unknown. (R. 79). The district court explained, once again, that Bryant's motion to dismiss was proper because Bryant was not the officer who deployed the taser during the incident and this was not challenged by Jones. (R. 86 at 11; Supp. App. 41). Moreover, the court reiterated that Bryant's alleged misconduct based on the incident report is not sufficient to establish a claim against Bryant. (*Id.*). While Jones maintained that he should be able to proceed against the lieutenant as the supervisor, the district court dismissed that claim as it was insufficient to state a constitutional violation. (*Id.*).

Jones's motion to amend and supplement his amended complaint requested the addition of numerous defendants, who Jones believed were at fault for his excessive force claim, as well as additional state law claims. (R. 82). The district court exercised its discretion in denying this request and relied on guidance by the Supreme Court in *Foman v. Davis*, which states that a court may deny a request to amend a complaint based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." 371 U.S. 178, 182 (1962). Because the district court concluded Ybarra did not use excessive force, it

determined it would be futile to allow Jones to proceed and add defendants as it related to that claim. (R. 86 at 12; Supp. App. 42). Furthermore, the court found it would prejudice the Defendants to add additional defendants with no explanation for the significant delay. (*Id.*).

## SUMMARY OF ARGUMENT

This Court should affirm the district court's well-reasoned decisions, resulting in the dismissal of this lawsuit and denial of Jones's additional attempts to gain relief and continue this lawsuit without merit to do so.

First, despite Jones's persistent attempts to accuse then-defendant Bryant of a constitutional violation, the district court properly dismissed Bryant from the lawsuit for Jones's failure to state a claim against him. Next, the district court properly granted the Defendants' motion for judgement on the pleadings because the video revealed uncontroverted evidence that the force used by Defendant Ybarra was indeed reasonable, which in turn, fatally undermined Jones's claims.

Lastly, this Court should affirm the district court's decision to deny Jones's motions for relief and to amend his already amended complaint. The district court made a legally sound decision in addressing Jones's failure to state a claim against Bryant and was well-within its discretion in denying Jones's request for leave to amend his amended complaint more than two years after the lawsuit was filed.

## STANDARD OF REVIEW

This Court reviews the district court's ruling on a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings *de novo*. *See Warzon v. Drew*, 60 F.3d 1234, 1238

(7th Cir. 1995). Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Such a motion is evaluated under the same standards that govern a Rule 12(b)(6) motion to dismiss; the court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted). In resolving defendants' motion, the court "may examine exhibits, including video exhibits, attached to the complaint, or referenced in the pleading if they are central to the claim." *Esco*, 107 F.4th at 678 (citing *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)).

ARGUMENT

I. THE DISTRICT COURT PROPERLY GRANTED THEN-DEFENDANT BRYANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.

Jones failed to state a claim against Bryant and the district court appropriately granted Bryant's motion to dismiss. (R. 86; Supp. App. 31-43). In a federal court complaint, while the inferences are in favor of the non-movant plaintiff, the plaintiff is still required to satisfy the pleading standard of establishing that there is a plausible claim against the defendant. The complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff does not meet that standard in this case as it relates to Bryant. The district court's screening order allowed Jones to proceed against Bryant and John Doe to identify who allegedly used excessive force by unnecessarily tasing him. (R. 22 at 3; Supp. App. 11). However, while Jones's original complaint expressed confusion regarding the identity of the officer that tased him, the amended complaint does not allege that Bryant was possibly the John Doe Officer that tased him unnecessarily. (R. 1, 18). While Bryant allegedly ordered Jones to stop fighting in his capacity as the housing officer, no further allegations in Jones's amended complaint are made against Bryant regarding the actual tasing, including that he was John Doe Officer. (R. 18 at 4).

Though Jones included other accusations about Bryant in his amended complaint, including allegations that he falsified the incident report, the district court did not find these to create a claim because Jones failed to provide sufficient factual allegations to support a constitutional violation. (R. 22 at 4; Supp. App. 12). Further, as part of Bryant's motion to dismiss, it provided the Incident Report and Supplemental Report regarding the incident at issue. (R. 34, 34-1; Supp. App. 14-19). The reports clearly identified the officer who discharged the taser, and it was decisively not Bryant. (*Id.*).

As this Court explained in *Vance v. Peters*, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." 97 F.3d 987, 991 (7th Cir. 1996) (citation omitted). There are no such allegations to that effect in Jones's amended complaint with respect to Bryant. (R. 18). Since no claims other than excessive use of force were screened through with respect to Bryant, and his only alleged

11

participation in Jones's tasing was to order both Jones and the person Jones assaulted to "stop fighting" before the tasing occurred, Bryant was correctly dismissed from this lawsuit (R. 18, 22; Supp. App. 9-13). This Court should affirm the district court's decision granting then-defendant Bryant's motion to dismiss for failure to state a claim. (R. 40; Supp. App. 20-23).

II.     THE DISTRICT COURT PROPERLY GRANTED DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS.[4]

"Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing Fed. R. Civ. P. 12(c)). Courts review Rule 12(c) motions for judgment on the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). *See Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016) (citation omitted). Accordingly, "[t]o survive a motion for judgment on the pleadings, 'a complaint must state a claim to relief that is plausible on its face.'" *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020) (quoting *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018)). "When assessing the facial plausibility of a claim, '[the court] view[s] the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.* (quoting *Buchanan-Moore*, 570 F.3d at 827).

---

[4] In his appellate brief, Jones confuses the district court's decision to grant the Defendants' motion for judgment on the pleadings with summary judgment. The Defendants' motion for judgment on the pleadings was never converted to a motion for summary judgment and evidence outside of the pleadings and the video cannot be considered. (Appellant Br. at 17-18; R. 86; Supp. App. 31-43).

"Although [the court] accept[s] the well-pleaded facts … district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim.'" *Esco*, 107 F.4th at 678 (quoting *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)). "The court, therefore, may examine exhibits, including video exhibits, attached to the complaint, or referenced in the pleading if they are central to the claim." *Id.* Jones did not attach the video of the incident that led to him being tased to the amended complaint that he filed but he does reference it when he claimed at paragraph 32 that "[w]hile Plaintiff Jones had been housed at the Milwaukee County Jail on Pod 4D, he witnessed Defendant Bryant and several other officers who responded to the 3/19/2021 incident-standing around the officer station computer, watching video of them Tasering and assaulting prisoners, laughing and comparing each other's experiences amongst themselves, openly, boister-ously [sic]". (R. 18 at 6). In paragraph 33, Jones claims that "the excessive force used against [him] was intentionally done as a means of adding content to the recorded docu-mentation of inmates at the County Jail being brutalized-for the entertainment of officers who indulged in that sort of sadistic indulgence of cruel and violent behavior." (R. 18 at 7). While he doesn't allege the video that the officers were watching was of this incident in paragraphs 32 and 33, he goes on to say later that the video that officers were watching in 4D was video of his incident. (R. 18 at 10). Given his mention of the video, the Court may examine the video exhibits, whether attached to the complaint or referenced in the pleading, because it is central to the claim. *See Esco*, 107 F.4th at 678 (citation omitted). An examination of the video reveals that Jones had not given up prior to being tased. To the contrary, at the time the taser was deployed, he was still grasping the person with whom

13

he was fighting, who was actively trying to disengage from Jones. (R. 47, Ex. 1 at 15:13:00-15:13:03).

Even if Jones's allegations that he was attempting to comply with orders to stop fighting were true, the officer who used the taser would not have had time to make a split-second decision to refrain from discharging the taser because of the rapid nature of the unfolding events. The entire incident from the time the officers entered the housing unit until the discharge of the taser took place over approximately five seconds. (R. 47, Ex. 1 at 15:12:59-15:13:04). The allegations in the amended complaint are blatantly contradicted by the video record such that no reasonable jury could believe it. Accordingly, a court should not adopt that version of the facts. *See Scott v. Harris*, 550 U.S. 372, 380, (2007). The video of the event shows that Jones only complied with officers and ceased physically fighting after he was tased. Even if review of the video does not conclusively establish that Jones was actively refusing to obey orders to stop fighting when he was tased, a reasonable interpretation of the video is that he was resistant and posed a serious threat to that officer up until the moment he was tased. In *Ferguson v. McDonough*, 13 F.4th 574, 578 (7th Cir. 2021), this Court in examining a claim where the plaintiff claimed, as Jones does here, that he stopped resisting just before being tased, recognized that the matter is not so clear cut. The Court noted, as had the district court, that "[a]nother reasonable interpretation of the video, consistent with [Officer] McDonough's version of events, is that although Ferguson was not physically resisting at the time that McDonough tased him, Ferguson was struggling moments before McDonough deployed his taser.'" *Id*.

14

(alterations in original). "Accordingly, a reasonable jury could also conclude that Officer McDonough's use of the taser was reasonable." *Id*.

This Court has also recognized that "an officer will not be held liable if the circumstances under which the force was used evolved so rapidly that a reasonable officer would not have had time to recalibrate the reasonable quantum of force." *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 733 (7th Cir. 2013) (citing *Berube v. Conley*, 506 F.3d 79, 85 (1st Cir. 2007) (officer was entitled to qualified immunity where on a dark, rainy night she had "fired a fusillade in an emergency situation" at a large man running toward her with a hammer raised in the air, and she had continued firing after the man went to the ground, but the entire incident lasted ten seconds); *see also Hathaway v. Bazany*, 507 F.3d 312, 321–22 (5th Cir. 2007) (objectively reasonable for an officer to respond with deadly force in limited time available where a vehicle he had stopped began accelerating toward the officer as he approached said vehicle on foot). Here, Jones was physically resisting officers and represented a danger to the officers and the person with whom he was fighting. It was a rapidly evolving situation where, even if Jones had let his foe go half a second before being tased, the officer's actions when faced with Jones's resistance and the danger that he posed were indeed reasonable. Despite Jones's claims on appeal that there was "never any danger present," the video clearly indicates otherwise, as it shows both individuals physically assaulting one another until the officers' arrival on the scene. (*See* Appellant Br. at 10; R. 47, Ex. 1, 15:12:59-15:13:04). While Jones, for the first time on appeal, argues the video was altered "to less seconds" by the Defendants, Jones never challenged the authenticity of the video with the district court and in fact, motioned the

15

district court to submit the same video submitted by the Defendants in support of his own case. (Appellant Br. at 9; *see also* R. 55-56). Consequently, Jones waives this argument on appeal. *See Wheeler v. Hronopoulos*, 891 F.3d 1072, 1073 (7th Cir. 2018) ("Failing to bring an argument to the district court means that you waive that argument on appeal.").

Since the video conclusively shows that Jones's rights were not violated when he was tased, he cannot maintain a *Monell* claim against Milwaukee County. *See Monell*, 436 U.S. at 694; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (noting that a municipality may not be held liable under *Monell* for failure to train adequately or to supervise its police officers when the plaintiff fails to demonstrate any constitutional violation by a municipal employee). Jones's amended complaint fails to state a claim for relief against Milwaukee County because his claims demonstrate that he has no actual knowledge of any other persons allegedly being tased unnecessarily so that the officers could later watch video of those incidents for their own enjoyment. (R. 18). His only claim is that on one occasion he saw officers watching the video of him being tased in this incident. *Id*. He does not say how he knew the video was of his incident, how he was able to get into a position to see the actual video, and how he knows officers were watching video of incidents other than his own. His amended complaint cites to no other incidents, complaints, or suits of which he is aware that parallel his own. *Id*.

Jones's unwritten practice allegations do not satisfy Fed. R. Civ. P. 8(a). *Iqbal* holds that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The amended

16

complaint's allegations amount to nothing more than conclusory allegations. *See id*. at 678-79. As this Court has recognized, to allow a plaintiff to proceed to discovery with *Monell* allegations like those in Jones's amended complaint "would be tantamount to allowing suit to be filed on a respondeat superior basis. Plaintiffs could file claims whenever a police officer abused them, add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the 'claims' made." *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985) (citation omitted). Claims like Jones's that are "based on wholly conclusory allegations of a de facto municipal policy", constitute one of the most prevalent forms of abuse in section 1983 actions." *Id.* (citation omitted). Jones should not be allowed to file claims whenever he claims an officer abused him, add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the "claims" made. Congress did not intend for Section 1983 liability to be so wide; mere employment of a tortfeasor is insufficient to impose liability on a municipality. Instead, a cause of action will lie only for those injuries caused by faults "systemic in nature." *Powe v. City of Chicago*, 664 F.2d 639, 651 (7th Cir. 1981). Because a municipality can be held liable only for its regular procedures, not for the isolated independent tort of an individual employee, some fact indicating such procedures must appear in the complaint. *See Strauss*, 760 F.2d at 770.

A single incident is generally insufficient to establish a custom or practice to sustain a *Monell* claim. *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994); *see also Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) ("Ordinarily, one incident is not sufficient to establish a custom that can give rise to Monell liability."). A plaintiff needs to allege facts

which "show more than the deficiencies specific to his own experience…." *Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016). Jones failed to do so and accordingly, his amended complaint failed to adequately plead a sufficient claim under *Monell* against Milwaukee County. As such, this Court should affirm the district court's decision in granting the Defendants' motion for judgment on the pleadings. (R. 86; Supp. App. 31-43).

III.   THE DISTRICT COURT PROPERLY DENIED JONES'S MOTION FOR RELIEF AND MOTION TO AMEND HIS COMPLAINT.

Lastly, the district court appropriately denied Jones's additional motions, which were filed pending the outcome of the Defendants' motion for judgment on the pleadings. (R. 86; Supp. App. 31-43).

The district court's decision to deny Jones's motion for relief is reviewed by this Court under the highly deferential standard of abuse of discretion. *See Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697–98 (7th Cir. 2000) (citing *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)). Through his motion, Jones essentially asked the district court to reconsider its screening of his amended complaint and the district court's decision dismissing Bryant after he filed a Fed. R. Civ. P. 12(b)(6) motion. (R. 79). While there is no motion for reconsideration under the Federal Rules of Civil Procedure, there are, however, Fed. R. Civ. P. 59(e) and 60(b) by which a judgment may be reviewed. However, Jones's reliance on either of these rules is misplaced because in the case of Fed. R. Civ. P. 60(b), "[t]he Rule applies only to a 'final judgment, order, or proceeding....' It is a method of reopening a closed case." *See Kapco Mfg. Co. v. C & O*

*Enters., Inc.*, 773 F.2d 151, 153–54 (7th Cir. 1985) (ellipsis in original) (citing 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.20 (1983)). In the case of Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. Because there was no judgment in this case at the time of Jones's motion and Jones filed these motions more than twenty-eight days after entry of the screening order, the motion cannot be considered under Fed. R. Civ. P. 59(e).

The proper procedural mechanism for revising a screening order is Fed. R. Civ. P. 54(b), which governs the revision of interlocutory orders. Fed. R. Civ. P. 54(b) permits courts to revise any nonfinal decision or order at any time before the entry of judgment adjudicating all claims and rights of the parties. The district court's screening order is not a final order, nor is it any kind of judgment. Therefore, courts look to Fed. R. Civ. P. 54(b), which is analyzed under largely the same standards as motions to alter or amend a judgment under Fed. R. Civ. P. 59(e) — "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). Such motions are appropriate in limited circumstances, such as where the court has "patently misunderstood a party," "has made a decision outside the adversarial issues presented to the Court," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The district court correctly denied Jones's motion because he failed to demonstrate any of the above circumstances in connection with the claims that were disallowed at

screening. Further, the district court, as it explained ad nauseum, was correct to dismiss the claim against Bryant because Jones failed to plead sufficient facts to show that Bryant unreasonably tased him in violation of his rights. To be sure, the evidence submitted in Bryant's motion to dismiss conclusively demonstrates that he did not use a taser on Jones. (R. 34-1; Supp. App. 14-19). In addition, Jones, in his response to the motion to dismiss, agreed that Bryant was not the one who tased him by failing to contest Bryant's contention that he was not implicated in the excessive use of force. (R. 35). In granting that motion, the district court correctly observed that "because plaintiff has not responded to defendant Bryant's contention that he was not implicated in the excessive use of force, he has forfeited any argument on that issue." (R. 40 at 3; Supp. App. 22). This Court has consistently held that where the party "cited no relevant legal authority to the district court to support the proposition ... the argument is waived." *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011). The district court committed no "mistake" or "error of law" when it granted Bryant's motion to dismiss. Any failing was not on the part of the district court but on Jones for failing to plead facts sufficient to support a claim against Bryant or "Lieutenant-Unknown."

The district court screened only claims for unreasonable use of force against the unknown officer that tased Jones and a *Monell* claim against Milwaukee County related to a purported policy of unnecessarily using tasers on its occupants. (R. 22; Supp. App. 9-13). No claim for failure to intervene was supported by the facts plead in the complaint, a claim Jones continued to argue that he should be allowed to pursue against Bryant to keep Bryant in the case. (R. 79). Jones also attempted to renew his accusations that

Bryant's alleged falsification of a disciplinary report and other documents creates liability under the facts of the case, a claim which the district court previously correctly discarded as being without merit. Regardless, such a claim would not be appropriately joined with this claim even if he had plead sufficient facts to support it. As this Court has noted, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

On motions to dismiss, it is the facts as alleged in the four corners of the complaint that the court is assessing to determine whether the complaint states a claim. *See Iqbal*, 556 U.S. at 674. Jones's claim that he has unearthed additional facts is irrelevant as to whether the district court correctly dismissed the claim against Bryant and "Lieutenant Unknown." Accordingly, this Court should affirm the district court's denial of Jones's motion for relief. (R. 86; Supp. App. 31-43).

The district court also appropriately exercised its discretion when it decided to deny Jones's motion to amend his already amended complaint. (R. 86; Supp. App. 31-43). This Court similarly reviews the district court's decision to deny such a motion under the abuse of discretion standard. *See Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008). Jones's request to amend his complaint included the request to add additional defendants who he believed failed to intervene in the excessive force incident. (R. 82, 83). The district court made a sound record in its decision to deny Jones's request and relied on the Supreme Court's precedent set forth in *Foman v. Davis*, which outlined that "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

21

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." are all reasons for which a court may deny a request to amend. 371 U.S. at 182.

The district court highlighted that because the uncontroverted video evidence revealed that Ybarra did not use excessive force, "it would be futile to allow plaintiff to amend his complaint as described." (R. 86 at 12; Supp. App. 42). Furthermore, the district court correctly found it would indeed prejudice the Defendants for Jones to add more defendants over two years after the commencement of the lawsuit. Thus, this Court should affirm the district court's sound decisions in denying Jones's motions.

CONCLUSION

For all the reasons set forth above, the district court did not err, and Jones is not otherwise entitled to relief from the judgment entered in this case. This Court should affirm the district court's entry of judgment dismissing Jones's amended complaint pursuant to Fed. R. Civ. P. 12(c) because the video evidence before the district court demonstrates the Defendants did not violate any of Jones's constitutional rights and because no such violation occurred, a *Monell* claim cannot survive. Furthermore, the district court acted well within its discretion in denying Jones's request for relief and motion to amend his complaint.

Dated at Milwaukee, Wisconsin this 13th day of March, 2026.

        SCOTT F. BROWN
        Milwaukee County Corporation Counsel

By:    *s/ Abigail G. Bluett*
        Abigail G. Bluett
        Assistant Corporation Counsel
        WI State Bar No. 1124202
        Dale R. Nikolay
        Assistant Corporation Counsel
        WI State Bar No. 1002447
        Attorneys for Defendants-Appellees Milwaukee County and Noel Ybarra, Jr.

P.O. Mailing Address:
Milwaukee County Office of Corporation Counsel
901 North Ninth Street, Room 303
Milwaukee, WI 53233
Telephone:    (414) 278-4300
Facsimile:    (414) 223-1249
Email:       abigail.bluett@milwaukeecountywi.gov
            dale.nikolay@milwaukeecountywi.gov

CERTIFICATE OF COMPLIANCE

The undersigned counsel for the Defendants-Appellees Noel Ybarra, Jr. and Milwaukee County furnishes the following in compliance with Fed. R. App. P. 32(g):

I hereby certify that this brief conforms with the word limit of Fed. R. App. P. 32(a)(7)(B) and Seventh Cir. R. 32(c) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,408 words. This certification is made in reliance on the word count feature of the word processing system used to prepare the brief.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Seventh Cir. R. 32(b), and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, Book Antiqua font with font size 12 in the body of the document and size 11 in the footnotes.

SCOTT F. BROWN
Milwaukee County Corporation Counsel

By:     *s/ Abigail G. Bluett*
        Abigail G. Bluett
        Assistant Corporation Counsel
        WI State Bar No. 1124202
        Dale R. Nikolay
        Assistant Corporation Counsel
        WI State Bar No. 1002447
        Attorneys for Defendants-Appellees Milwaukee County and Noel Ybarra, Jr.

24

P.O. Mailing Address:

Milwaukee County Office of Corporation Counsel

901 North Ninth Street, Room 303

Milwaukee, WI 53233

Telephone:   (414) 278-4300

Facsimile:   (414) 223-1249

Email:   abigail.bluett@milwaukeecountywi.gov

   dale.nikolay@milwaukeecountywi.gov

CERTIFICATE OF SERVICE

I certify that on March 13, 2026, I electronically filed the Defendants-Appellees'
brief and supplemental appendix with the Clerk of Court for the United States Court of
Appeals for the Seventh Circuit using the CM/ECF system, which will accomplish elec-
tronic notice and service for all participants who are registered CM/ECF users.

I further certify that two (2) copies of the brief and one (1) copy of the appendix
were mailed to:

Willie L. Jones, Jr.
DOC No. 158754
Wisconsin Secure Program Facility
P.O. Box 1000
Boscobel, WI 53805-0900

Pursuant to 28 U.S.C. § 1746, I declare under
penalty of perjury that the foregoing is true and
correct.
Executed on March 13, 2026.

s/  Abigail G. Bluett
ABIGAIL G. BLUETT